IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT MCCULLOUGH, JR., et al.,     :
                                          :
           Plaintiffs,           :
                                          :
          v.                    :     Civil Action No. 18-1829-RGA
                                          :
WILLIAM AUSTIN LEWIS, et al.,     :
                                          :
           Defendants.        :

## MEMORANDUM ORDER

On October 12, 2020, Defendants filed a motion to dismiss. (D.I. 102). Upon motion and notice to Plaintiffs, Plaintiffs' counsel withdrew on December 17, 2020. (D.I. 114). No new counsel has entered an appearance, and Plaintiffs did not file any response to the motion to dismiss, which response was due on January 15, 2021. (*Id.*). Defendants filed a motion to dismiss for failure to prosecute on January 20, 2021. (D.I. 116). A response was due February 3, 2021 (which would have been extended three days to February 6, which was a Saturday, since the only service was by mail, which means a response was due on the next business day, or February 8). D.Del. LR 7.1.2(b). No response has been filed, and it appears that for two of the three Plaintiffs, the addresses of record are not good addresses.[1]

I GRANT the unopposed motion for failure to prosecute.[2] (D.I. 116). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal

---

[1] The addresses were provided by withdrawing counsel. (D.I. 120).

[2] Since Plaintiffs are *pro se*, the failure to respond is willful. It is now repeated, as there has been no response to two different motions filed by Defendants. I do not know whether the case as pled has any merit; even though the case was filed more than 2 ½ years ago, there has been no decision yet whether the amended complaint (or its predecessor) states a claim. In the absence of any input from Plaintiffs, there is no justification for allowing this case to proceed. *See generally Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also*

may be appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The case is **DISMISSED** with prejudice.

IT IS SO ORDERED this 22nd day of February 2021.

<u>/s/ Richard G. Andrews</u>
United States District Judge

---

*Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019).  When Plaintiffs take no action to prosecute the case, there is no reason to expect lesser sanctions to have any effect.